IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CLARENCE MICHAEL OSTEEN, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV206-023
)
JEFF COUGHLIN; LANCE E. JAMES; )
MARIEA SUMNER; STEPHEN P. )
HENRICKSEN; Lt. C. STEARNS; )
J. WILLIAMS, and Lt. R. JAMES, )
)
Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Prison Camp in Atlanta, Georgia, filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), contesting conditions of his confinement while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia. Defendants filed a Motion to Dismiss, or in the alternative a Motion for Summary Judgment.[1] Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

In his Complaint, as amended, Plaintiff asserts that Defendants Coughlin, Sumner, Henricksen, and Stearns conducted a "shakedown" of his cell in an attempt to confiscate

---

[1] The parties submitted documentation in support of their contentions. Because the undersigned considered these documents in his analysis, Defendants' Motion is properly deemed a Motion for Summary Judgment.

AO 72A
(Rev. 8/82)

his legal materials. Plaintiff also asserts that Defendant Williams and R. James returned a portion of these documents but refused to return all of these documents. Plaintiff also contends that after filing an administrative grievance regarding this incident, Defendant L. James did not submit Plaintiff's grievance to the Warden in a timely manner. Plaintiff avers that Defendants' actions were done in retaliation for his filing administrative grievances and prior lawsuits against staff members for violations of his constitutional rights. Defendants assert that Plaintiff's Complaint should be dismissed, as he fails to state a claim upon which relief may be granted.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil

Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants contend that Plaintiff's property was searched in an effort to find contraband, not as a retaliatory measure for Plaintiff having filed grievances and a lawsuit in the past. Defendants assert that they retained only two (2) pages of contraband documents, the Statement of Reasons from Plaintiff's Presentence Investigation Report. Defendants also assert that the Bureau of Prisons' policy prohibited Plaintiff from having the Statement of Reasons in his personal effects. Defendants allege that any delay in processing Plaintiff's Administrative Remedy Requests was due to the unavailability of staff, not because Defendant L. James retaliated against Plaintiff.

Plaintiff asserts that Defendant Coughlin has established a pattern of confiscating inmates' legal documents in an attempt to deny the inmates access to the courts. Plaintiff also asserts that he meets the three (3) elements of a retaliation claim: he filed a 28 U.S.C. § 2241 petition against several Bureau of Prisons' officials; adverse action was taken

3

against him for filing his petition; and there is a causal connection between Plaintiff filing a lawsuit and adverse action being taken against him. Plaintiff contends that there is no penological justification for the Defendants' search and continued retention of his legal documents. Plaintiff also contends that Defendants confiscated more than the two (2) pages of documents they contend they confiscated and retained. (Doc. No. 31, p. 14.) Plaintiff avers that Defendant L. James' delays in processing his Administrative Remedy Requests were "done in retaliation and only in an attempt to deter" Plaintiff from exercising his First Amendment rights. (Doc. No. 29, p. 9.) Plaintiff contends that Defendants have done no more than deny the allegations he set forth in his Complaint, which is insufficient to show that they are entitled to summary judgment.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed a [lawsuit] concerning the conditions of his imprisonment." Id.

Once the defendants move for summary judgment, "the plaintiff may not respond simply with general attacks upon the defendant's credibility, but rather must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." Crawford-El v. Britton, 523 U.S. 574, 600, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 759 (1998). "The issue of intent is a question for the trier of fact." Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). "Direct evidence of an illegal motive will usually suffice to create a genuine issue of fact and preclude summary

4

judgment." Id. (citing Swint v. City of Wadley, Ala., 51 F.3d 988, 1000 (11th Cir.1995)).

In support of their position that Plaintiff's Complaint should be dismissed, Defendants submitted several affidavits. These affidavits reveal that prison officials were made aware that Plaintiff may have possessed some materials in his legal documents which an inmate was not allowed to possess. (Stearns Aff., ¶ 3; Coughlin Aff., ¶ 3.) An inmate is not allowed to have in his possession copies of the Statement of Reasons in an effort to "preserve institution security by protecting inmates from being coerced by other inmates to produce copies of their documents for illicit purposes." (Stearn Aff., ¶ 2; Coughlin Aff., ¶ 2; Program Statement 1351.05, p. 15; Sumner Aff., ¶ 3; James Aff., ¶ 3.) Defendant Henricksen was instructed by Defendant Stearns to search Plaintiff's property to ensure that Plaintiff did not possess copies of prohibited material. (Henriksen Aff., ¶ 2; Stearns Aff., ¶ 4.) Defendant Henriksen's search revealed that Plaintiff possessed two (2) pages of his Statement of Reasons, which Defendant Henricksen removed and did not return to Plaintiff. (Henricksen Aff., ¶ 4; Coughlin Aff., ¶ 4.) Defendant L. James, a former counselor, needed to speak with certain staff members to obtain information pertaining to the six (6) Administrative Remedy Requests Plaintiff submitted about having his legal documents taken away from him. These staff members were not at the prison at the time Plaintiff submitted his Requests because they were preparing for Crisis Management Training; the next week, Defendant L. James attended this training and spoke to the appropriate staff members at that time. (L. James Aff., ¶ 6.) Plaintiff did not receive an immediate response to his Requests for this reason. (Id.)

Plaintiff submitted the affidavit of Carl Burkett, Plaintiff's former roommate, who was present in the cell block at the time Plaintiff's property was being searched. Burkett states

5

that Plaintiff asked Defendant Henricksen if he could help him find something specific and that Defendant Henricksen told Plaintiff he would not "know what he was looking for until he found it." (Pl.'s Ex. 9; see also, Pl.'s Ex. 17, Ward Aff.) Burkett also states that he noticed that one-third of Plaintiff's legal documents were missing when the box was returned to him. (Id.) Plaintiff's mother's affidavit reveals her "belief" that Plaintiff's documents were confiscated as a retaliatory measure. (Pl.'s Ex. 11, ¶ 9.) Plaintiff states in his Verified Complaint that Defendants' actions were taken in retaliation for Plaintiff exercising his First Amendment rights. (Pl.'s Ex. 12, p. 12.) Plaintiff also submitted letters written to the undersigned by Harold Deedrick, a fellow inmate, who asserted that his documents had been confiscated by staff at the prison. (Att. A.)

There is no evidence whatsoever before the Court that the Defendants' actions in searching Plaintiff's legal documents and retaining two (2) pages of the Statement of Reasons were motivated by the desire to retaliate against Plaintiff. Even if Defendants confiscated more than the two (2) pages they allege Plaintiff was not permitted to possess (as Plaintiff claims), this is irrelevant to the issues before the Court. There is also no evidence before this Court that the delay in processing Plaintiff's Administrative Remedy Requests was due to an improper motive on the part of Defendant L. James. In sum, Plaintiff has failed to overcome his burden to establish the existence of a genuine issue of material fact as to whether Defendants retaliated against him.

It is unnecessary to address the remaining portions of Defendants' Motion.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that Defendants' Motion (Doc. No. 18) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 11th day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)