FILED
U.S. DISTRICT COURT

2006 NOV 28 A 10: 11

_J. LaVictoire_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CLARENCE MICHAEL OSTEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV206-023 |
| ) | |
| JEFF COUGHLIN; LANCE E. JAMES; ) | |
| MARIEA SUMNER; STEPHEN P. ) | |
| HENRICKSEN; Lt. C. STEARNS; ) | |
| J. WILLIAMS, and Lt. R. JAMES, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts that the Magistrate Judge overlooked evidence of Defendants' retaliatory motives and relied on the Defendants' version of events rather than viewing the evidence in the light most favorable to him, the non-moving party. Plaintiff contends that, in order to set forth a retaliation claim, he must show: Defendants had an illegal motive; there was protected conduct; and adverse action was taken as a result of the protected conduct. Plaintiff avers that he has set forth a retaliation claim and that there are genuine issues of material fact which a jury must decide, not the Court. In support of this averment, Plaintiff submitted additional exhibits with his Objections.

AO 72A
(Rev. 8/82)

Plaintiff cites to the affidavit of Harold Deedrick, a former inmate at the Federal Correctional Institution in Jesup, Georgia. In his affidavit, Deedrick asserts that Defendant Coughlin confiscated some of his paperwork in October 2003 and that Plaintiff found the paperwork in a trash can and returned the documents to him. (Pl.'s Ex. 23, ¶ 2.) Deedrick also asserts that he informed Defendant Coughlin in November 2003 that Plaintiff was the person who returned his paperwork. Deedrick further asserts that Defendant Coughlin was aware that Plaintiff was the person who had given him the paperwork "well in advance" of the alleged confiscation of Plaintiff's documents in March 2004. (Pl.'s Ex. 23, ¶ 7.) It appears that Plaintiff wishes the Court to believe that Defendants retaliated against him for returning Deedrick's paperwork to him by confiscating Plaintiff's documents over five (5) months later. If this is the case, Plaintiff's retaliation claim fails for two (2) reasons. First, Defendants would not have retaliated against Plaintiff based on Plaintiff's exercise of protected conduct. Second, Plaintiff fails to show the required causal connection between returning Deedrick's paperwork in November 2003 and the confiscation of Plaintiff's documents in March 2004.

Plaintiff also notes the responses to his interrogatory requests by Defendants Coughlin, Sumner, Henriksen, and Williams. Plaintiff states that, in response to his interrogatory regarding Crisis Management Training, each of these Defendants responded that they did not attend training in mid-April 2004. Plaintiff asserts that this shows that Defendant James, who stated that the people he needed to speak with regarding his investigation of the administrative remedy were at training, retaliated against Plaintiff by failing to respond to Plaintiff's administrative remedy request as soon as possible. However, Defendant James did not contend that he needed to speak with these four (4)

2

individuals. At best, the interrogatory responses indicate that these individuals may not have attended training in April 2004 but certain other member of the staff did, including Defendants James and Stearns. (Pl.'s Exs. 24-29.)

Plaintiff's Objections are without merit. The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Defendants' Motion (Doc. No. 18) is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is authorized and directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 27th day of November, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A (Rev. 8/82)